UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

JONNA BLOODWORTH and JAIME
BLANTON,
individuals

      Plaintiff,

CASE NO: 4:13-cv-320

vs.

WAL-MART REAL ESTATE BUSINESS TRUST,

      Defendant.
_____/

## COMPLAINT

Plaintiffs, Jonna Bloodworth and Jaime Blanton ("Plaintiffs") by and through the undersigned counsel, hereby file this Complaint and sue Wal-Mart Real Estate Business Trust, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and allege:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.     Venue is proper in this Court, the Eastern District of Texas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Eastern District of Texas.

3.     Plaintiff, Jonna Bloodworth (hereinafter referred to as "Bloodworth") is a resident of the State of Illinois and is a qualified individual with a disability under the ADA.  Bloodworth suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act

1

of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from cerebral palsy and requires a wheelchair for mobility. Bloodworth frequently visits the Denton, Texas area to visit with family and friends who live in the area. Prior to instituting the instant action, Bloodworth visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property due to its lack of compliance with the ADA and the architectural barriers to access listed in Paragraph 12 of this Complaint which Plaintiff personally encountered. Bloodworth continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. Plaintiff, Jaime Blanton (hereinafter referred to as "Blanton") is a resident of the Denton, Texas and is a qualified individual with a disability under the ADA. Blanton suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from cerebral palsy and requires a wheelchair for mobility. Prior to instituting the instant action, Blanton visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property due to its lack of compliance with the ADA and the architectural barriers to access listed in Paragraph 12 of this Complaint which Plaintiff personally encountered. Blanton continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

5. The Defendant, Wal-Mart Real Estate Business Trust, is a foreign business trust registered to do business and, in fact, conducting business in the State of Texas. Upon information

and belief, Wal-Mart Real Estate Business Trust (hereinafter referred to as "Wal-Mart") is the owner, lessee and/or operator of the real properties and improvements which is the subject of this action, specifically the Wal-Mart Supercenter Store #4627 located at 2750 W University Drive in Denton, Texas (hereinafter referred to as the "Store").

6. All events giving rise to this lawsuit occurred in the Eastern District of Texas.

## COUNT I - VIOLATION OF THE ADA

7. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

8. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Store owned and/or operated by Wal-Mart is a place of public accommodation in that it is a retail store that is owned and operated by a private entity and that provide goods and services to the public

9. Defendant, Wal-Mart has discriminated, and continues to discriminate against the Plaintiffs, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Store in derogation of 42 U.S.C §12101 *et seq*.

10. The Plaintiffs have been unable to and continue to be unable to enjoy access to, and the benefits of the services offered at the Store owned and/or operated by Wal-Mart. Prior to the filing of this lawsuit, Plaintiffs visited the Store at issue in this lawsuit and were denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiffs continue to desire and intend to visit the Store, but continue to be

injured in that they are unable to and continue to be discriminated against due to the barriers to access that remain at the Store in violation of the ADA. Plaintiffs have now and continue to have reasonable grounds for believing that they have been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

11. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA which are codified at 28 C.F.R. Part 36.

12. Wal-Mart is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiffs as a result of *inter alia*, the following specific violations:

(i) The wheelchair accessible toilet stalls in the men's and women's toilet rooms lack standard wheelchair accessible toilet stalls to the extent that the existing stalls were designed to mount the side grab bars on a toilet stall partition in a manner that does not meet or exceed the minimum structural strength required;

(ii) Side grab bars at the accessible water closet are not provided and no method of providing a grab bar in the required position is possible due to the location of the accessible water closet;

13. There are other current barriers to access and violations of the ADA at the Store owned and operated by Wal-Mart which were not specifically identified herein as the Plaintiffs are not required to engage in a futile gesture pursuant to 28 C.F.R. §36.501 and, as such, only once a full inspection is performed by Plaintiffs or Plaintiffs' representatives can all said violations be identified.

14. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Wal-Mart was required to make its Store, a place of public accommodation, accessible to persons with disabilities

by January 28, 1992. To date, Wal-Mart has failed to comply with this mandate.

16. Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiffs are entitled to have their reasonable attorney's fees, costs and expenses paid by Wal-Mart pursuant to 42 U.S.C. §12205.

17. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiffs injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiffs demand judgment against Wal-Mart Real Estate Business Trust and request the following injunctive and declaratory relief:

 A. That the Court declares that the property owned and administered by Defendant is violative of the ADA;

 B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

 C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

 D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiffs; and

 E. That the Court awards such other and further relief as it deems necessary, just and proper.

**COUNT II - VIOLATION OF TEXAS STATE LAW AGAINST DISCRIMINATION**

18. Plaintiffs reallege and reaver Paragraphs 1 through 6, above, as if fully contained herein.

19. Section 121.003 of the Texas Human Resources Code prohibits discrimination on the basis of disability. Such discrimination includes, *inter alia*: refusing to allow a person with a disability the use of or admittance to a public facility; failing to comply with the requirements of the Texas Architectural Barriers Act (re-codified at Tex. Gov't Code §469.001, *et seq.* as Elimination of Architectural Barriers); failing to make reasonable accommodations in policies, practices and procedures; or failing to provide auxiliary aids and services necessary to allow the full use and enjoyment of the public facility.

20. The Store owned and/or operated by Wal-Mart is a "public facility" per the definition contained in Section 121.002(5) of the Texas Human Resources Code.

21. Section 121.004 of the Texas Human Resources Code provides that any person, firm, association, corporation, or other organization that violates the provisions of Section 121.003 is deemed to have deprived a person with a disability of his or her civil liberties.

22. Section 121.004 of the Texas Human Resources Code further provides that a person with a disability deprived of his or her civil liberties may maintain a cause of action for damages in a court of competent jurisdiction and conclusively presumes damages in the amount of at least $100.

23. Wal-Mart has discriminated, and continues to discriminate against the Plaintiffs, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Store in derogation of the Tex. Hum. Res. Code §121.003.

24. The Plaintiffs have been unable to and continue to be unable to enjoy access to, and the benefits of the services offered at the Store. Prior to filing of this lawsuit, Plaintiffs visited the Store and were denied access to the benefits, accommodations and services of the Defendant's goods

and services and therefore was damaged and suffered an injury in fact. In addition, Plaintiffs continue to desire to visit the Store, but continue to be damaged and injured in that they are unable to and continue to be discriminated against due to the architectural barriers that remain at the Store in violation of the ADA and the Texas Architectural Barriers Act.

25. Wal-Mart is in violation of the Texas Architectural Barriers Act (Tex. Gov't Code §469, et. seq.) and is discriminating against the Plaintiffs as a result of, *inter alia*, the specific violations outlined in Paragraph 12 above.

WHEREFORE, the Plaintiffs demand judgment against Wal-Mart Real Estate Business Trust as follows:

A. That the Court declare that the property owned and administered by Defendant is violative of Tex. Hum. Res. Code §121.003;

B. That the Court award compensatory damages to Plaintiffs in such an amount as the Court deems just and proper;

C. That costs be taxed to Defendant; and

D. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 11th day of June 2013.

Respectfully submitted,

By: /s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
Bar No.: ASB-1564-L54E

**OF COUNSEL:**
Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone: (205) 822-2701
Facsimile: (205) 822-2702
Email: ezwilling@szalaw.com